**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:24-cr-20295-JB

UNITED STATES OF AMERICA,

v.

JESUS RODRIGUEZ,

    Defendant.

_____/

**DEFENDANT JESUS RODRIGUEZ'S PSR OBJECTIONS**

    COMES NOW, Defendant JESUS RODRIGUEZ, through counsel, and hereby presents the following objections to the U.S. Probation Office's Revised Pre-Sentence Investigation Report ("PSR") filed on November 12, 2025 [D.E. 183].

    1.    On September 25, 2025, Defendant Rodriguez pled guilty to Count 1 of a two-count Indictment. Count 1 charged Mr. Rodriguez with conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 70503(a)(1). [D.E. 183, p.5]

    2.    While there is no plea agreement in this case, the Government has agreed to the acceptance of responsibility reduction under U.S.S.G. § 3E1.1. [D.E. 183, p.5]

    3.    According to the PSR, Mr. Rodriguez's only involvement in Count 1 was as a crewmember aboard a boat that was transporting the subject cocaine. [D.E. 183, pp.5-6]

    4.    **Objection to PSR Paragraphs 12 and 18:** These paragraphs suggest that Mr. Rodriguez was a minor participant, subject to a 2-point "minor role" reduction under U.S.S.G. §§ 3B1.2(a) and 2D1.1(e)(2)(B)(i). [D.E. 183, pp.6-7]  The Defense objects to this and points out that, under the recently amended version of 2D1.1(e)(2)(B)(i), an adjustment under 3B1.2(a) (the 4-point minimal role reduction) is "generally warranted if the defendant's primary function in the

offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier." A district court applying this new provision has recently interpreted the emended language to the effect that "a person whose only function is to transport drugs—regardless of the amount of drugs they are transporting and regardless of whether they are transporting drugs across an international border—is a "courier" in the context of amended § 2D1.1(e)(2)(B)(i)." *United States v. Maciel*, 789 F.Supp.3d 934, 937-38 (S.D. Cal. 2025). Accordingly, because Mr. Rodriguez's only role in Count 1 was serving as a crewmember on a boat that was transporting the subject cocaine, and because his role was therefore limited to transporting the drugs, he should qualify for the 4-point minimal role reduction 3B1.2(a).

5. **Objection to PSR Paragraph 14**: This paragraph states that Mr. Rodriguez does not qualify for safety valve because the prosecution advised probation that he has not been fully debriefed as required under the safety valve guidelines. The Defense objects to this characterization of Mr. Rodriguez's safety-valve status, first, because he signed the factual proffer prepared by the Government that outlines the facts. *Cf., e.g., United States v. Maisonet*, 121 F.4th 194 (11th Cir. 2024) (indicating that a written proffer can satisfy the safety valve's debriefing or "tell-all" provision). Moreover, on November 20, 2025, the undersigned emailed the prosecutor, advising that Mr. Rodriguez is available to be "fully briefed." As of the date of this Objection, the Government has not responded. Accordingly, the Defense believes Mr. Rodriguez should qualify for the 2-level reduction under U.S.S.G. § 2D1.1(b)(18).

6. **Objection to PSR Paragraph 15**: This paragraph states that the base offense level is 36. The Defense objects to this, again, because Mr. Rodriguez's limited role in merely transporting the cocaine should qualify him, as a "courier," for the 4-point minimal role reduction under § 3B1.2(a). Accordingly, per § 2D1.1(a)(5), Mr. Rodriguez's base offense level

should be 30.  Alternatively, even if the Court only applies a minor role reduction, the same § 2D1.1(a)(5) would indicate a base offense level of 32.

7. **Objection to PSR Paragraphs 24 and 59**: The PSR indicates a total offense level of 29 and a guidelines range of 87-108 months.  The Defense objects to this. Should the Court sustain the objections set forth in paragraphs 4-6, above, the total offense level should be 19, and the guidelines range should be 30-37 months.

8. **Objection to PSR Page 2 (Arrest Date)**: The PSR indicates an arrest date of July 6, 2025. The Defense objects to this, since Mr. Rodriguez and his codefendants were interdicted and detained by the USCG on June 26, 2024 [D.E. 1, 147], which should count as his arrest date. *See* 14 U.S.C. § 522(a) (granting the USCG authority to board any vessel subject to United States jurisdiction to arrest any individual violating the laws of the United States). The Court should therefore credit Mr. Rodriguez's time in custody as of June 26, 2024, the date he was interdicted and detained by the USCG.

WHEREFORE, Defendant Rodriguez respectfully requests that this Court SUSTAIN the foregoing objections.

Respectfully submitted,

ROGER CABRERA, P.A.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Telephone:	(305) 823-8383
Facsimile:	(305) 675-7970
Email:		roger@cabrera.legal

By:	*/s/ Roger Cabrera*
	ROGER CABRERA, ESQ.
	Florida Bar No. 0148740

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that, on this 4th day of December 2025, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

               */s/ Roger Cabrera*
               ROGER CABRERA, ESQ.