UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:24-cr-20295-JB

UNITED STATES OF AMERICA,

v.

JESUS RODRIGUEZ,

    Defendant.
_____/

**DEFENDANT JESUS RODRIGUEZ'S MOTION FOR DOWNWARD VARIANCE**

    COMES NOW, Defendant JESUS RODRIGUEZ, through counsel, and hereby moves for a downward variance pursuant to 18 U.S.C. § 3553(a).

    1.    On September 25, 2025, Defendant Rodriguez pled guilty to Count 1 of a two-count Indictment. Count 1 charged Mr. Rodriguez with conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 70503(a)(1). [D.E. 183, p.5]

    2.    While there is no plea agreement in this case, the Government has agreed to the acceptance of responsibility reduction under U.S.S.G. § 3E1.1. [D.E. 183, p.5]

    3.    According to the PSR, Mr. Rodriguez's only involvement in Count 1 was as a crewmember aboard a boat that was transporting the subject cocaine in the South Caribbean. [D.E. 183, pp.5-6]

    4.    In addition to having no reported criminal history, the PSR makes clear that Mr. Rodriguez was raised in conditions of stark poverty in his native Venezuela, in a family that would sometimes have to go without food, adding that Mr. Rodriguez had to terminate his schooling at age 10 in order to assist his parents financially. [D.E. 183, p.9]  The PSR also notes that, at the time of his arrest in this case, Mr. Rodriguez had continued to live in extreme poverty,

working as a fisherman in Venezuela where he earned the equivalent of approximately one U.S. dollar per month. [D.E. 183, p.12]

5.  The PSR also indicates that Mr. Rodriguez has three (3) children (aged 8, 13 and 15) and adds that, at the time of his arrest, he had been supporting the two youngest children financially whenever possible. [D.E. 183, p.10]

6.  As a valid sentencing mitigator under 18 U.S.C. § 3553(a), the Court may consider, under the category of "personal circumstances and individual history," Mr. Rodriguez's stable work history and role in providing support for family members. *See, e.g., United States v. Varela*, 2021 WL 3732267, at *3 (11th Cir. 2021); *accord United States v. Alonso-Martinez*, 574 Fed.Appx. 923, 925 (11th Cir. 2014) (indicating that a defendant's "strong work ethic and his desire to support his family" can be taken into account as a sentencing mitigator under 18 U.S.C. § 3553(a)); *United States v. Hoss*, 192 Fed.Appx. 867, 868 (11th Cir. 2006) (specifically noting that a defendant's "support of his family" is a sentencing mitigator under 18 U.S.C. § 3553(a)).

7.  Mr. Rodriguez's lack of reported criminal history is a separate mitigating 3553(a) factor. *See Gall v. United States*, 552 U.S. 38, 57, 128 S.Ct. 586, 601 (2007) (suggesting that a limited criminal history can, by itself, be taken as a sentencing mitigator under 3553(a)).

8.  The stark poverty and hardships of Mr. Rodriguez's upbringing count, particularly the fact that he was forced to abandon his schooling at age 10, constitute an additional 3553(a) mitigator. *Cf. United States v. Canastillo*, 688 Fed.Appx. 840, 841 (11th Cir. 2017) (specifically indicating that a "difficult upbringing in Mexico, where [the defendant] was born into poverty and had to work during the day while attending school at night," was taken into account as a sentencing mitigator under 18 U.S.C. § 3553(a)).

9.  Finally, with regard to Mr. Rodriguez's ongoing poverty and the reasonable inference that his economic vulnerability was a factor in being willing to assume the risks of acting as a crewmember transporting drugs in the South Caribbean, this circuit's case law indicates that a current situation of extreme poverty can also be taken as a 3553(a) mitigator. In *United States v. Garcia Lopez*, 782 Fed.Appx. 862 (11th Cir. 2019), the panel noted, with approval, that the sentencing court had taken into account the defendant's current situation of "poverty, and the need to provide for [the defendant's] family," *id*. at 864, as a 3553(a) mitigator. *See id*. (specifically noting that the sentencing judge appreciated that the defendant's crime "was not based upon greed but rather actual need for you to provide for your family including your dependent children").

10. Should the Court sustain Mr. Rodriguez's PSR Objections, his total offense level would be 19 with a criminal history category of I, which would result in a guidelines range of 30 to 37 months imprisonment.

11. In view of the foregoing sentencing mitigators, which the Defense believes outweigh any aggravators, Mr. Rodriguez now moves for a downward variance so that his sentence can be 24 months, with credit for time served. As noted in his PSR Objections, Mr. Rodriguez was interdicted and detained by the USCG on June 26, 2024, and the Defense asks that his credit for time served be applied as of June 26, 2024. *See* 14 U.S.C. § 522(a) (granting the USCG authority to board any vessel subject to United States jurisdiction to arrest any individual violating the laws of the United States).

12. In support of this motion, the Defense notes that 18 U.S.C. § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2). While Mr. Rodriguez should

receive a sentence that is as long as necessary to deter him from future criminal behavior, the sentence should also be no <u>longer</u> than necessary, and the net weighing of the 3553(a) factors counsels in favor of leniency.

13. The Defense also notes that "a district court may not presume that the range produced by application of the Sentencing Guidelines is reasonable ... [and] must consider the factors set out in 18 U.S.C. § 3553(a)." *United States v. Hayes*, 762 F.3d 1300, 1306 (11st Cir. 2014).

14. Accordingly, in light of Mr. Rodriguez's lack of recorded criminal history, consistent employment and support for this family since age ten, in spite of being raised in conditions of stark poverty, and in spite of remaining in conditions of serious poverty for his entire life, the Defense believes a finding of net mitigation is appropriate. Accordingly, the Defense submits that a downward variance in the form of a 24-month sentence is more than sufficient, and that a more severe sentence would not be necessary to enforce the legislative intent of 18 U.S.C. § 3553(a).

WHEREFORE, Defendant Rodriguez respectfully requests that this Court GRANT this motion.

Respectfully submitted,

ROGER CABRERA, P.A.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Telephone:   (305) 823-8383
Facsimile:   (305) 675-7970
Email:       roger@cabrera.legal

By:   */s/ Roger Cabrera*
      ROGER CABRERA, ESQ.
      Florida Bar No. 0148740

- 5 -

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, on this 4th day of December 2025, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

                                                */s/ Roger Cabrera*
                                           ROGER CABRERA, ESQ.